SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

E-FILED
11/8/2021 3:34 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
21CV390948
Reviewed By: I. Murillo
Envelope: 7625933

**NOTICE TO DEFENDANT:** Amazon.com Services LLC; and Does 1 to 25,
***(AVISO AL DEMANDADO):*** inclusivo

**YOU ARE BEING SUED BY PLAINTIFF:** State Farm General Insurance Company
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Santa Clara
191 N. First Street
Santa Clara, California 95113

CASE NUMBER:
*(Número del Caso):*
21CV390948

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Darrel K. Yasutake
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LAW OFFICE OF DARREL K. YASUTAKE
6200 Center Street, Suite 280, Clayton, CA 94517 925-680-4266

DATE: *(Fecha)* 11/8/2021 3:34 PM Clerk of Court Clerk, by *(Secretario)* I. Murillo , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: Amazon.com Services, LLC
   under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [X] other *(specify)*: Corp Code 17701.16
4. [ ] by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Darrel K. Yasutake SBN: 142927<br>LAW OFFICE OF DARREL K. YASUTAKE<br>6200 Center Street, Suite 280<br>Clayton, California 94517<br>TELEPHONE NO: 925-680-4266 FAX NO. (Optional): 925-680-4259<br>E-MAIL ADDRESS (Optional): dyasutake@hy-litigators.com<br>ATTORNEY FOR (Name): State Farm General Insurance Company | E-FILED<br>11/8/2021 3:34 PM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>21CV390948<br>Reviewed By: I. Murillo |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br>STREET ADDRESS: 191 N. First Street<br>MAILING ADDRESS: 191 N. First Street<br>CITY AND ZIP CODE: San Jose, 95113<br>BRANCH NAME: Downtown Superior Court | |
| PLAINTIFF: State Farm General Insurance Company<br><br>DEFENDANT: Amazon.com Services LLC; and<br><br>[X] DOES 1 TO 25 | |
| **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**<br>[ ] **AMENDED** ***(Number):***<br>Type *(check all that apply):*<br>[ ] MOTOR VEHICLE [X] OTHER *(specify):* Insurance Subrogation<br>[X] Property Damage [ ] Wrongful Death<br>[ ] Personal Injury [X] Other Damages *(specify):* Subrogation | |
| Jurisdiction *(check all that apply):*<br>[ ] ACTION IS A LIMITED CIVIL CASE<br>Amount demanded [ ] does not exceed $10,000<br>[ ] exceeds $10,000, but does not exceed $25,000<br>[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br>[ ] from limited to unlimited<br>[ ] from unlimited to limited | CASE NUMBER:<br><br>21CV390948 |

1. **Plaintiff** *(name or names):* State Farm General Insurance Company
   alleges causes of action against **defendant** *(name or names):* Amazon.Com Services LLC; and Does 1 to 25, inclusive

2. This pleading, including attachments and exhibits, consists of the following number of pages: 5

3. Each plaintiff named above is a competent adult
   a. [X] except plaintiff *(name):* State Farm General Insurance Company
      (1) [X] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*
   b. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

PLD-PI-001

| SHORT TITLE: State Farm v. Amazon.com Services LLC | CASE NUMBER: 21CV390948 |
|---|---|

4. [ ] Plaintiff *(name):*
is doing business under the fictitious name *(specify):*

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. [X] except defendant *(name):* Amazon.com Services LLC
(1) [X] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe):*
(4) [ ] a public entity *(describe):*
(5) [ ] other *(specify):*

b. [ ] except defendant *(name):*
(1) [ ] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe):*
(4) [ ] a public entity *(describe):*
(5) [ ] other *(specify):*

c. [ ] except defendant *(name):*
(1) [ ] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe):*
(4) [ ] a public entity *(describe):*
(5) [ ] other *(specify):*

d. [ ] except defendant *(name):*
(1) [ ] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe):*
(4) [ ] a public entity *(describe):*
(5) [ ] other *(specify):*

[ ] Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

a. [X] Doe defendants *(specify Doe numbers):* 1 to 25, inclusive were the agents or employees of other named defendants and acted within the scope of that agency or employment.

b. [X] Doe defendants *(specify Doe numbers):* 1 to 25, inclusive are persons whose capacities are unknown to plaintiff.

7. [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

8. This court is the proper court because

a. [ ] at least one defendant now resides in its jurisdictional area.
b. [ ] the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
c. [X] injury to person or damage to personal property occurred in its jurisdictional area.
d. [ ] other *(specify):*

9. [ ] Plaintiff is required to comply with a claims statute, and

a. [ ] has complied with applicable claims statutes, or
b. [ ] is excused from complying because *(specify):*

PLD-PI-001

| SHORT TITLE: State Farm v. Amazon.com Services LLC | CASE NUMBER: 21CV390948 |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. [ ] Motor Vehicle
   b. [X] General Negligence
   c. [ ] Intentional Tort
   d. [X] Products Liability
   e. [ ] Premises Liability
   f. [ ] Other *(specify):*

11. Plaintiff has suffered
   a. [ ] wage loss
   b. [X] loss of use of property
   c. [ ] hospital and medical expenses
   d. [ ] general damage
   e. [X] property damage
   f. [ ] loss of earning capacity
   g. [X] other damage *(specify):* Subrogation damages in the amount of $180,174.92, plus costs and prejudgment interest as allowed by law.

12. [ ] The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. [ ] listed in Attachment 12.
   b. [ ] as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) [X] compensatory damages
   (2) [ ] punitive damages
   The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
   (1) [X] according to proof
   (2) [ ] in the amount of: $

15. [ ] The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: 11/5/2021

Darrel K. Yasutake
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001(2)

| SHORT TITLE: State Farm v. Amazon.com Services LLC | CASE NUMBER: 21CV390948 |
|---|---|

FIRST (number) **CAUSE OF ACTION—General Negligence** Page 4

ATTACHMENT TO [X] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* State Farm General Insurance Company

alleges that defendant *(name):* Amazon.com Services LLC; and

[X] Does 1 to 25

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date):* October 6, 2020

at *(place):* 5273 Apennines Circle, San Jose, California 95138

*(description of reasons for liability):*

On or about October 8, 2020 a water damage incident occurred at 5273 Apennines Circle in San Jose, California when a three year old Orangehome handheld toilet bidet in the upstairs master bathroom failed and caused water to spray into the property causing substantial damages to the home. The Orangehome handheld toilet bidet was purchased online through defendants Amazon.com Services LLC, Does 1 to 25, and each of them. Said defendants negligently promoted, marketed, packaged, distributed, delivered and/or sold said Orangehome handheld toilet bidet, and as a result of their negligence, said defendants, and each of them legally and proximately caused the resulting damages. Said defendants, and each of them, are liable for the damages in this incident.

The owners/occupants of said property Glen and Ileana Carley were insured under a homeowners insurance policy issued by plaintiff State Farm General Insurance Company (State Farm). Having sustained damages from the failed handheld toilet bidet, Mr. and Mrs. Carley submitted a claim under their policy of insurance with State Farm. State Farm paid Mr. and Mrs. Carley to repair their damages resulting from the incident, and pursuant to the provisions of the policy and as allowed by law, State Farm is subrogated to Mr. and Mrs. Carley's right to recover said damages. State Farm seeks recovery of its damages from said defendants, and each of them.

Page 1 of 1

Form Approved for Optional Use Judicial Council of California PLD-PI-001(2) [Rev. January 1, 2007]

CAUSE OF ACTION—General Negligence

Code of Civil Procedure 425.12 www.courtinfo.ca.gov Westlaw Doc & Form Builder-

PLD-PI-001(5)

| SHORT TITLE: State Farm v. Amazon.com Services LLC | CASE NUMBER: 21CV390948 |
|---|---|

SECOND (number) **CAUSE OF ACTION—Products Liability** Page 5

ATTACHMENT TO [X] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* State Farm General Insurance Company

Prod. L-1. On or about *(date):* October 8, 2020 plaintiff was injured by the following product: Orangehome handheld toilet bidet

Prod. L-2. Each of the defendants knew the product would be purchased and used without inspection for defects. The product was defective when it left the control of each defendant. The product at the time of injury was being

[X] used in the manner intended by the defendants.

[X] used in the manner that was reasonably foreseeable by defendants as involving a substantial danger not readily apparent. Adequate warnings of the danger were not given.

Prod. L-3. Plaintiff was a

[ ] purchaser of the product. [ ] user of the product.

[ ] bystander to the use of the product. [X] other *(specify):* Subrogee of the user of the product

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:

Prod. L-4. [X] **Count One—Strict liability** of the following defendants who

a. [ ] manufactured or assembled the product *(names):*

[ ] Does ______ to ______

b. [ ] designed and manufactured component parts supplied to the manufacturer *(names):*

[ ] Does ______ to ______

c. [X] sold the product to the public *(names):* Amazon.com Services LLC; and

[X] Does 1 to 25

Prod. L-5. [X] **Count Two—Negligence** of the following defendants who owed a duty to plaintiff *(names):* Amazon.com Services LLC; and

[X] Does 1 to 25

Prod. L-6. [X] **Count Three—Breach of warranty** by the following defendants *(names):* Amazon.com Services LLC; and

[X] Does 1 to 25

a. [X] who breached an implied warranty

b. [ ] who breached an express warranty which was

[ ] written [ ] oral

Prod. L-7. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are [ ] listed in Attachment-Prod. L-7 [ ] as follows:

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(5) [Rev. January 1, 2007]

CAUSE OF ACTION—Products Liability

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA 95113*

CASE NUMBER: 21CV390948

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

*DEFENDANT* (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within 30 days of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

**Your Case Management Judge is:** Manoukian, Socrates P **Department:** 20

**The 1st CMC is scheduled for:** (Completed by Clerk of Court)

**Date:** 04/05/2022 **Time:** 3:00 pm **in Department:** 20

**The next CMC is scheduled for:** (Completed by party if the 1st CMC was continued or has passed)

**Date:** ______ **Time:** ______ **in Department:** ______

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

FILED
Superior Court of California
County of Los Angeles

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk
By __________ Deputy

2020-SJ-002-00

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY COURT ("PI COURT") PROCEDURES SPRING STREET COURTHOUSE (EFFECTIVE FEBRUARY 24, 2020) | ) CASE NO.:<br>)<br>) FIRST AMENDED STANDING ORDER<br>) RE: PERSONAL INJURY PROCEDURES<br>) AT THE SPRING STREET COURTHOUSE |

**ALL HEARINGS ARE SET IN THE DEPARTMENT AS REFLECTED IN THE NOTICE OF CASE ASSIGNMENT**

**FINAL STATUS CONFERENCE:**

DATE: ____________________ AT 10:00 A.M.

**TRIAL:**

DATE: ____________________ AT 8:30 A.M.

**OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):**

DATE: ____________________ AT 8:30 A.M.

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE SEPTEMBER 26, 2019 STANDING ORDER AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ("PI") ACTIONS FILED IN THE CENTRAL DISTRICT.

///

1. To ensure proper assignment to a PI Court, plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as: "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition" (Local Rule 2.3(a)(1) (A)).

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) checks any of the following boxes in the Civil Case Cover Sheet Addendum:

- ☐ A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death
- ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist
- ☐ A7260 Product Liability (not asbestos or toxic/environmental)
- ☐ A7210 Medical Malpractice – Physicians & Surgeons
- ☐ A7240 Medical Malpractice – Other Professional Health Care Malpractice
- ☐ A7250 Premises Liability (e.g., slip and fall)
- ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)
- ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) checks any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

The Court sets the above dates in this action in the PI Court as reflected in the Notice of Case Assignment at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA

90012 (C.R.C. Rules 3.714(b)(3), 3.729).

**FILING OF DOCUMENTS**

2. With the exception of self-represented litigants or parties or attorneys that have obtained an exemption from mandatory electronic filing, parties must electronically file documents. Filings are no longer accepted via facsimile. The requirements for electronic filing are detailed in the Court's operative General Order Re Mandatory Electronic Filing for Civil, available online at www.lacourt.org (link on homepage).

**SERVICE OF SUMMONS AND COMPLAINT**

3. Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as soon as possible but no later than three years from the date when the complaint is filed (C.C.P. § 583.210, subd. (a)). On the OSC re Dismissal date noted above, the PI Court will dismiss the action and/or all unserved parties unless the plaintiff(s) shows cause why the action or the unserved parties should not be dismissed (C.C.P. §§ 583.250; 581, subd. (b)(4)).

4. The Court sets the above trial and final status conference ("FSC") dates on the condition that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six months of filing the complaint.

5. The PI Court will dismiss the case without prejudice pursuant to Code of Civil Procedure § 581 when no party appears for trial.

**STIPULATIONS TO CONTINUE TRIAL**

6. Provided that all parties agree (and there is no violation of the "five-year rule" (C.C.P. § 583.310)), the parties may advance or continue any trial date in the PI Courts without showing good cause or articulating any reason or justification for the change. To continue or advance a trial date, the parties (or their counsel of record) should jointly execute and submit a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available on the court's website, Personal Injury Court link). The PI Courts schedule FSCs at 10:00 a.m., eight court days before the trial date. Parties seeking to continue the trial and FSC dates shall file the stipulation at least eight court days before the FSC date. Parties seeking to advance the trial and FSC dates shall file the stipulation at least eight court days before the proposed advanced

FSC date (C.C.P. § 595.2; Govt. Code § 70617, subd. (c)(2)). In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday following a court holiday. Parties may submit a maximum of two stipulations to continue trial, for a total continuance of six months. Subsequent requests to continue trial will be granted upon a showing of good cause by noticed motion. This rule is retroactive so that any previously granted stipulation to continue trial will count toward the maximum number of allowed continuances.

**NO CASE MANAGEMENT CONFERENCES**

7. The PI Courts do not conduct case management conferences. The parties need not file a Case Management Statement.

**LAW AND MOTION**

8. Any and all electronically-filed documents must be text searchable and bookmarked. (*See* operative General Order re Mandatory Electronic Filing in Civil).

**COURTESY COPIES REQUIRED**

9. Pursuant to the operative General Order re Mandatory Electronic Filing, courtesy copies of certain documents must be submitted directly to the PI Court courtrooms at the Spring Street Courthouse. The PI Courts also strongly encourage the parties filing and opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one or more three-ring binders organizing the courtesy copy behind tabs. Any courtesy copies of documents with declarations and/or exhibits must be tabbed (C.R.C. Rule 3.1110(f)). All deposition excerpts referenced in briefs must be marked on the transcripts attached as exhibits (C.R.C. Rule 3.1116(c)).

**RESERVATION HEARING DATE**

10. Parties must reserve hearing dates for motions in the PI Courts using the Court Reservation System (CRS) available online at www.lacourt.org (link on homepage). After reserving a motion hearing date, the reservation requestor must submit the papers for filing with the reservation receipt number printed on the face page of the document under the caption and attach the reservation receipt as the last page. Parties or counsel who are unable to utilize the online CRS may reserve a motion hearing date by calling the PI courtroom, Monday through

Friday, between 3:00 p.m. and 4:00 p.m.

**WITHDRAWAL OF MOTIONS**

11. California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts require parties to comply with Code of Civil Procedure section 472(a) with regard to the amending of pleadings related to demurrers or motions to strike so that the PI Courts do not needlessly prepare tentative rulings for these matters.

**DISCOVERY MOTIONS**

12. The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes. Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person. The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.

13. Parties <u>must</u> participate in an IDC <u>before</u> a Motion to Compel Further Responses to Discovery will be heard unless the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC. Scheduling or participating in an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions. Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope. Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an IDC.

If parties do not stipulate to extend the deadlines, the moving party may file the motion to avoid it being deemed untimely. However, the IDC must take place before the motion is heard so it is suggested that the moving party reserve a date for the motion hearing that is at least 60 days after the date when the IDC reservation is made. Motions to Compel Further Discovery Responses are heard at 10:00 a.m. If the IDC is not productive, the moving party may advance the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

that complies with the notice requirements of the Code of Civil Procedure.

14. Parties must reserve IDC dates in the PI Courts using CRS, which is available online at www.lacourt.org (link on homepage). Parties must meet and confer regarding the available dates in CRS prior to accessing the system. After reserving the IDC date, the reservation requestor must file and serve an Informal Discovery Conference Form for Personal Injury Courts (form LACIV 239) at least 15 court days prior to the conference and attach the CRS reservation receipt as the last page. The opposing party may file and serve a responsive IDC form, briefly setting forth that party's response, at least ten court days prior to the IDC.

15. Time permitting, the PI Hub judges may be available to participate in IDCs to try to resolve other types of discovery disputes.

**EX PARTE APPLICATIONS**

16. Under the California Rules of Court, courts may only grant *ex parte* relief upon a showing, by admissible evidence, that the moving party will suffer "irreparable harm," "immediate danger," or where the moving party identifies "a statutory basis for granting relief ex parte" (C.R.C. Rule 3.1202(c)). The PI Courts have no capacity to hear multiple *ex parte* applications or to shorten time to add hearings to their fully booked motion calendars. The PI Courts do not regard the Court's unavailability for timely motion hearings as an "immediate danger" or threat of "irreparable harm" justifying *ex parte* relief. Instead of seeking *ex parte* relief, the moving party should reserve the earliest available motion hearing date (even if it is after the scheduled trial date) and file a motion to continue trial. Parties should also check CRS from time to time because earlier hearing dates may become available as cases settle or hearings are taken off calendar.

**REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

17. Parties seeking to transfer a case from a PI Court to an Independent Calendar ("IC") Court shall file and serve the Court's "Motion/Opposition/Stipulation to Transfer Complicated Personal Injury Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under the PI Courts link). The PI Courts will transfer a matter to an IC Court if the case is not a "Personal Injury" case as defined in this Order, or if it is "complicated." In determining

whether a personal injury case is "complicated" the PI Courts will consider, among other things, the number of pretrial hearings or the complexity of issues presented.

18. Parties opposing a motion to transfer have five court days to file an Opposition (using the same LACIV 238 Motion to Transfer form).

19. The PI Courts will not conduct a hearing on any Motion to Transfer to IC Court. Although the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts will make an independent determination whether to transfer the case or not.

**FINAL STATUS CONFERENCE**

20. Parties shall comply with the requirements of the PI Courts' operative Standing Order Re Final Status Conference, which shall be served with the summons and complaint.

**JURY FEES**

21. Parties must pay jury fees no later than 365 calendar days after the filing of the initial complaint (C. C. P. § 631, subd. (c)(2)).

**JURY TRIALS**

22. The PI Courts do not conduct jury trials. On the trial date, a PI Court will contact the Master Calendar Court, Department One, in the Stanley Mosk Courthouse. Department One will assign cases for trial to dedicated Civil Trial Courtrooms and designated Criminal Courtrooms.

**SANCTIONS**

23. The Court has discretion to impose sanctions for any violation of this general order (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b)).

Dated: Feb. 24, 2020

[signature]
SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

2020-SJ-004-00

FILED
Superior Court of California
County of Los Angeles

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk
By ________ Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO THE PERSONAL INJURY COURTS AT THE SPRING STREET COURTHOUSE | THIRD AMENDED STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective January 13, 2020) |

The dates for Trial and the Final Status Conference ("FSC") having been set in this matter, the **COURT HEREBY AMENDS AND SUPERSEDES ITS August 9, 2019 STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

**1. PURPOSE OF THE FSC**

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///

///

///

## 2. TRIAL DOCUMENTS TO BE FILED

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file the following Trial Readiness Documents:

### A. TRIAL BRIEFS (OPTIONAL)

Each party/counsel may, but is not required to, file a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

### B. MOTIONS IN LIMINE

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion in limine shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

### C. JOINT STATEMENT TO BE READ TO THE JURY

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury (Local Rule 3.25(g)(4)).

### D. JOINT WITNESS LIST

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call, excluding impeachment and rebuttal witnesses (Local Rule 3.25(g)(5)). The joint witness list shall identify each witness by name, specify which witnesses are experts, estimate the length of the direct, cross examination and re-direct examination (if any) of each, and include a total of the number of hours for all witness testimony. The parties/counsel shall identify all potential witness scheduling issues and special requirements. Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

E. LIST OF PROPOSED JURY INSTRUCTIONS (JOINT AND CONTESTED)

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any. The List of Proposed Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

F. JURY INSTRUCTIONS (JOINT AND CONTESTED)

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions and insert party name(s) and eliminate blanks, brackets, and irrelevant material. The parties/counsel shall prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party).

G. JOINT VERDICT FORM(S)

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides (Local Rule 3.25(g)(8)). If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

H. JOINT EXHIBIT LIST

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit. The parties/counsel shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

I. PAGE AND LINE DESIGNATION FOR DEPOSITION AND FORMER TESTIMONY

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following: 1) the page and line designations of the deposition or

former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto, and 5) the Court's ruling.

**3. EVIDENTIARY EXHIBITS**

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits, organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the witnesses). The parties/counsel shall mark all non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder. If the parties have a joint signed exhibit list and electronic copies of their respective exhibits, then the parties/counsel will not be required to produce exhibit binders at the FSC. However, the exhibit binders will be required by the assigned trial judge when the trial commences. In the absence of either a joint signed exhibit list or electronic copies, exhibit binders will be required to be produced by all parties/counsel at the FSC.

**4. TRIAL BINDERS REQUIRED IN THE PI COURTS**

The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the following for inspection at the FSC) the Trial Documents consisting of conformed copies (if available), tabbed and organized into three-ring binders with a table of contents that includes the following:

Tab A: Trial Briefs (Optional)

Tab B: Motions in Limine

Tab C: Joint Statement to Be Read to the Jury

Tab D: Joint Witness List

Tab E: Joint List of Jury Instructions (identifying the agreed upon and contested instructions)

Tab F: Joint and Contested Jury Instructions

Tab G: Joint and/or Contested Verdict Form(s)

Tab H: Joint Exhibit List

Tab I: Joint Chart of Page and Line Designation(s) for Deposition and Former Testimony

Tab J: Copies of the Current Operative Pleadings (including the operative complaint, answer, cross-complaint, if any, and answer to any cross-complaint).

The parties/counsel shall organize motions in limine (tabbed in numerical order) behind Tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers. The parties shall organize proposed jury instructions behind Tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

**5. FAILURE TO COMPLY WITH FSC OBLIGATIONS**

The court has discretion to require any party/counsel who fails or refuses to comply with this Amended Standing Order to Show Cause why the Court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated: Feb. 24, 2020

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

FILED
Superior Court of California
County of Los Angeles

OCT 08 2021

Sherri R. Carter, Executive Officer/Clerk
By [signature] Deputy
Coruña Albina

2021-SJ-018-00

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| In re Personal Injury Cases Assigned to the Personal Injury Courts at the Spring Street Courthouse | ) SECOND AMENDED SUPPLEMENTAL STANDING ORDER RE COVID PROTECTIVE MEASURES RELATED TO FINAL STATUS CONFERENCES IN PERSONAL INJURY CASES AT THE SPRING STREET COURTHOUSE |

In an effort to reduce the number of in-person appearances in the Personal Injury ("PI") courtrooms located in the Spring Street courthouse and to prevent the transmission of the COVID-19 virus, the court hereby issues this supplemental order to the Third Amended Standing Order re: Final Status Conference Personal Injury Courts dated February 24, 2020 ("Operative PI FSC Order").

**1. ELECTRONIC TRIAL BINDERS**

As set forth in the Operative PI FSC Order, parties/counsel must file and serve Trial Readiness Documents at least five calendar days prior to the FSC. Instead of providing the court that will be conducting the FSC with the trial binders as described in the Operative PI FSC Order and appearing in person, parties/counsel are ordered to provide the trial binders in electronic form. This will allow parties and attorneys to appear remotely for the final status conference and provide the court with the opportunity to review the trial binders to determine whether the parties/counsel are ready for trial. Hard copies of the binders prepared in accordance with the Operative PI FSC Order will continue to be required for the trial courtroom.

///

**2. REQUIREMENTS OF ELECTRONIC TRIAL BINDERS**

At least two court days before the FSC, parties/counsel must submit via email a joint electronic trial binder to the courtroom conducting the FSC as follows:

a. The parties/counsel must submit in one PDF the joint statement of the case, joint witness list, joint list of jury instructions, full-text joint and contested jury instructions, joint and/or contested verdict form(s), joint exhibit list, and joint deposition designation chart as listed in paragraph 4 of the Operative PI FSC Order.

b. The trial briefs and motions in limine, oppositions, and replies, if any, must be submitted in a separate PDF.

c. The PDFs must be text searchable.

d. The PDFs must be bookmarked which is essentially an electronic tab so that the FSC judge can easily find and navigate among the trial documents. (See https://helpx.adobe.com/acrobat/using/page-thumbnails-bookmarks-pdfs.html and/or https://support.microsoft.com/en-us/office/ for bookmarking instructions).

e. The PDFs must be emailed to the applicable email address listed below:

Department 27 at sscdept27FSC@LACourt.org

Department 28 at sscdept28FSC@LACourt.org

Department 29 at sscdept29FSC@LACourt.org

Department 30 at sscdept30FSC@LACourt.org

Department 31 at sscdept31FSC@LACourt.org

Department 32 at sscdept32FSC@LACourt.org

f. The subject line in the email must include identifying case information as follows:

[Insert Case Number] Trial Readiness Binder, FSC, [Insert MM/DD/YEAR of Hearing Date] (e.g. 19STCV00001 Trial Readiness Binder, FSC 01/11/2021).

g. Each email should have two PDFs attached – one containing the Trial Readiness documents and the other containing the trial briefs and motions in limine, if applicable.

h. The parties need not submit the evidentiary exhibit binders at the FSC. However, the parties shall prepare the exhibit binders as required in paragraph 5 of the Operative PI FSC Order and be prepared to represent to the court that they have been properly prepared. Hard copies of the exhibit binders will be required for trial.

**3. FAILURE TO COMPLY WITH FSC OBLIGATIONS**

The court has discretion to require any party/counsel who fails or refuses to comply with this Supplemental Standing Order to show cause why the Court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer). In addition, failure to timely and fully comply with this order may result in the case not being assigned a trial courtroom by Dept. 1.

Dated: 10/8/2021

David J. Cowan
Supervising Judge, Civil
Los Angeles Superior Court

2021-SJ-008-00

FILED
Superior Court of California
County of Los Angeles

JUN 23 2021

Sherri R. Carter, Executive Officer/Clerk
By [signature], Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE PERSONAL INJURY CASES ASSIGNED TO PERSONAL INJURY COURTROOMS AT THE SPRING STREET COURTHOUSE

SIXTH AMENDED STANDING ORDER RE: MANDATORY SETTLEMENT CONFERENCE
(Effective June 21, 2021)

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to California Code of Civil Procedure, the California Rules of Court and the Los Angeles Court Rules, the Los Angeles Superior Court (Court) HEREBY AMENDS AND SUPERSEDES THE FEBRUARY 24, 2020 FIFTH AMENDED STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING SIXTH AMENDED STANDING ORDER:

The Court orders the parties to participate in a virtual Mandatory Settlement Conference (MSC) supervised by a judge and staffed by volunteer attorneys who have significant experience in handling these types of cases and are members of the American Board of Trial Advocates, the Association of Southern California Defense Counsel, the Consumer Attorneys Association of Los Angeles, and or the Beverly Hills Bar Association, and have continuing professional interest as officers of the court in its successful operation.

1. Plaintiff's counsel shall within two (2) court days of the Court's Order of an MSC access the ResolveLawLA website at www.resolvelawla.com to create an account and register the case for MSC. Plaintiff's counsel must coordinate with defense counsel and select a mutually agreed upon date and time for the MSC prior to the trial date. Plaintiff's counsel shall also provide the name, email address, and phone number for defense counsel when registering the case for an MSC.

2021-SJ-008-00

2. A mandatory settlement conference statement shall be lodged by each party with the ResolveLawLA website and served on all parties not less than five (5) court days before the scheduled MSC. The settlement conference statement shall be limited to five (5) pages on the MSC Brief and ten (10) pages for exhibits. ResolveLawLA MSCs are available at 9 a.m. and 1:30 p.m. Monday through Friday, excluding court holidays, and are conducted via Zoom.
3. Pursuant to California Rules of Court, Rule 3.1380(b) and Los Angeles Superior Court Rule 3.25(d), trial counsel, the parties and persons with full authority to settle the case (including insurance company representatives) must attend virtually via the website unless a judge has excused the virtual appearance for good cause. Once defense counsel is notified that the matter has been scheduled for a remote MSC, defense counsel shall create their own login to the resolvelawla.com system, and shall list all parties, party representatives and insurance adjusters' names, phone numbers, and emails where indicated. In the event the MSC needs to be canceled, it must be canceled through the ResolveLawLA system.
4. If the case settles prior to the scheduled MSC, Plaintiff's counsel shall forthwith notify the courtroom to which the case is assigned of such settlement. The parties should also document their settlement agreement in a writing signed by all parties. Upon receiving notification, the ResolveLawLA system will send notifications via text and/or email and will include a Zoom link for counsel, the parties, and insurance representatives to join the remote MSC.
5. The Court has the discretion to require any party and/or counsel who fails or refuses to comply with this order, to show cause why the Court should not impose monetary sanctions.

IT IS SO ORDERED.

Dated: 6/23/21

Judge David J. Cowan
Supervising Judge, Civil Division

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

Superior Court of California
County of Los Angeles

Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section

Consumer Attorneys
Association of Los Angeles

Southern California
Defense Counsel

Association of
Business Trial Lawyers

California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | | CASE NUMBER: |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
| --- | --- |
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lacourt.org under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to ________ (INSERT DATE) for the complaint, and ________ (INSERT DATE) for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

________ (TYPE OR PRINT NAME) ➤ ________ (ATTORNEY FOR PLAINTIFF)

Date:

________ (TYPE OR PRINT NAME) ➤ ________ (ATTORNEY FOR DEFENDANT)

Date:

________ (TYPE OR PRINT NAME) ➤ ________ (ATTORNEY FOR DEFENDANT)

Date:

________ (TYPE OR PRINT NAME) ➤ ________ (ATTORNEY FOR DEFENDANT)

Date:

________ (TYPE OR PRINT NAME) ➤ ________ (ATTORNEY FOR ________)

Date:

________ (TYPE OR PRINT NAME) ➤ ________ (ATTORNEY FOR ________)

Date:

________ (TYPE OR PRINT NAME) ➤ ________ (ATTORNEY FOR ________)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – DISCOVERY RESOLUTION** | | CASE NUMBER: |

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| | |

iii. Be filed within two (2) court days of receipt of the Request; and

iv. Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| | |

**The following parties stipulate:**

Date:

_______________________ (TYPE OR PRINT NAME) ➤ _______________________ (ATTORNEY FOR PLAINTIFF)

Date:

_______________________ (TYPE OR PRINT NAME) ➤ _______________________ (ATTORNEY FOR DEFENDANT)

Date:

_______________________ (TYPE OR PRINT NAME) ➤ _______________________ (ATTORNEY FOR DEFENDANT)

Date:

_______________________ (TYPE OR PRINT NAME) ➤ _______________________ (ATTORNEY FOR DEFENDANT)

Date:

_______________________ (TYPE OR PRINT NAME) ➤ _______________________ (ATTORNEY FOR _______________)

Date:

_______________________ (TYPE OR PRINT NAME) ➤ _______________________ (ATTORNEY FOR _______________)

Date:

_______________________ (TYPE OR PRINT NAME) ➤ _______________________ (ATTORNEY FOR _______________)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | | CASE NUMBER: |

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: ________________ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: ________________ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| STIPULATION AND ORDER – MOTIONS IN LIMINE | | CASE NUMBER: |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR PLAINTIFF)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ________________)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ________________)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ________________)

**THE COURT SO ORDERS.**

Date: ____________________

JUDICIAL OFFICER

FILED
LOS ANGELES SUPERIOR COURT
MAY 11 2011
JOHN A. CLARKE, CLERK
BY NANCY NAVARRO, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| General Order Re Use of Voluntary Efficient Litigation Stipulations | ORDER PURSUANT TO CCP 1054(a), EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION |
|---|---|

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: May 11, 2011

Carolyn B. Kuhl, Supervising Judge of the Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

 Superior Court of California, County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

**What Is ADR?**

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

**Advantages of ADR**

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR**

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   Mediation may be appropriate when the parties
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   Mediation may not be appropriate when the parties
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - ADR Services, Inc. Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - JAMS, Inc. Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - Mediation Center of Los Angeles Program Manager info@mediationLA.org (833) 476-9145

These organizations cannot accept every case and they may decline cases at their discretion. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE:** The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.

b. Los Angeles County Dispute Resolution Programs
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   Online Dispute Resolution (ODR). Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm